LEONARD HUGHES *et al.*, Plaintiffs-Appellees, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF EAST ST. LOUIS *et al.*, Defendants-Appellants.

(No. 73-251;

Fifth District—May 28, 1974.

Richard G. Younge, of East St. Louis, for appellants.

Bruce N. Cook, of Hillebrand and Cook, of East St. Louis, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

The plaintiffs in this case were police patrolmen in East St. Louis. Each was charged with receiving stolen property or being an accessory to a felony. After a hearing before the Board of Fire and Police Commissioners, they were discharged with a loss of all rights and benefits. They filed suit under the Administrative Review Act (Ill. Rev. Stat., ch. 110, secs. 264-279), in the Circuit Court of St. Clair County. The decision was reversed and judgment entered for the plaintiffs on March 19, 1973. The Board of Fire and Police Commissioners has taken this appeal.

Plaintiffs had previously been charged in a criminal case and found not guilty. In the order of the Board of Fire and Police Commissioners, they found that Tolden, who was the riding partner with Adams in one patrol car, had plead guilty to theft on the date and time in question. There was no testimony in the record upon which to base this finding.

A brief review of the evidence is necessary. Tolden and Adams were called by radio to investigate at Maggies Fashion Shoppe. They were the first to arrive at the scene. They found a broken front window but no one at the scene. Hughes and Manso apparently were in the second car to arrive at the scene. Hughes testified that they approached with their lights out and ran over a fallen light standard. Hughes testified that he got out of the car, put his coat on the ground and got down to examine the car for damage. Finding none he told Manso to back the car off the light standard. When this was done he threw his coat in the back seat and got back in the car on the driver's side. He then drove to the front of Maggies where Adams waved his hand indicating everything was under control. They then left without making an investigation at the scene. Manso testified to substantially the same facts. Both admitted that their official report was incorrect since it did not mention running over the broken light standard. They testified that other patrolmen had been required to personally pay for car damage and for this reason they had not mentioned the light standard in their report.

Officers Moore and Stone were in another car that arrived at the scene. They testified that the trunk of the Hughes-Manso car was open and that they saw Hughes throw something into the trunk. They also testified that Manso was inside the shop.

Mrs. Mamie Jennings of Maggies Fashion Shoppe testified that she checked the inventory and found numerous articles missing. She identified the four garments at the hearing as being some of the articles missing.

The Chief of Police testified that the four garments at the hearing were all of the articles recovered pertaining to the burglary. He further testified that the ladies from whom the garments had been recovered stated that they had obtained them from Patrolman Tolden.

A police sergeant testified that on April 16 in the afternoon he made a search of the trunk of the police car that Hughes and Manso had driven on the morning of April 14. He testified that he found a chrome-colored hook with a washer on it in the trunk. This matched the type used in Maggies Fashion Shoppe.

A review of the evidence shows that it falls far short of showing that Adams, Hughes and Manso received stolen property or were accessories to a burglary. The finding of the hook in the trunk was a suspicious circumstance but since there was no showing that this hook was unusual nor any showing as to who had access to the car in the interval before the hook was found, this falls short of being proof of wrongdoing.

The record shows a failure to file a complete and accurate report, but this was not the charge.

We hold that the phrase "and with conduct unbecoming police officers"

4

as used in this charge must have some relation to the prior charges of receiving stolen property or being accessory to a burglary.

Since there was no evidentiary basis in the record for the Board's findings, the judgment of the trial court revising those findings is correct.

Judgment of the Circuit Court of St. Clair County is affirmed.

EBERSPACHER and CARTER, JJ., concur.